IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEONITE CAPITAL LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FOUNDERS BAY HOLDINGS, a Nevada corporation, and FOUNDERS BAY TECHNOLOGIES, INC., a Delaware corporation,<br><br>Defendants. | Cons. C.A. No. 22-1547-TBD |

## MEMORANDUM ORDER

The Basile Law Firm P.C. and McCarter & English, LLP ("moving counsel") seek leave to withdraw as counsel. For the following reasons, the motion to withdraw as counsel (D.I. 34) is GRANTED contingent on new counsel entering an appearance.

I. BACKGROUND

This is a consolidated action involving Leonite Capital LLC ("Leonite") and Founders Bay Holdings and Founders Bay Technologies, Inc. (collectively, "Founders Bay"). On November 4, 2022, Founders Bay sued Leonite seeking rescission of contracts between the parties for various violations of the Securities Exchange Act of 1934. *Founders Bay v. Leonite Capital LLC*, Civ. Action No. 22-cv-1453.

On November 29, 2022, Leonite filed a lawsuit for breach of contract and appointment of a receiver. *Leonite Capital LLC et al. v. Founders Bay Holdings et al.*, Civ. Action No. 22-cv-1547.

The next day, Leonite filed an *ex parte* emergency motion to appoint a receiver. (D.I. 3).[1] On December 2, 2022, the Court refused to consider the motion on an *ex parte* basis and ordered Leonite to serve Founders Bay with the complaint, motion, and briefing. (D.I. 7). By the parties' agreement, the two actions were consolidated, (D.I. 14), and a briefing schedule set for the motion to appoint a receiver, (D.I. 16).

On January 12, 2023, moving counsel filed an emergency motion, asking that the Court extend Founders Bay's deadline to respond to the motion to appoint a receiver or, in the alternative, grant moving counsel leave to withdraw as counsel. (D.I. 17). In moving counsel's January 12 motion, moving counsel explained that Founders Bay had cut off communication with moving counsel, and, accordingly, counsel could not agree on litigation strategy or effectively represent Founders Bay's interests. (D.I. 17 at 2).

On January 12, 2023, I issued an oral order directing Leonite to respond. I noted that "[b]oth parties should be aware that this court will not grant a motion to withdraw as counsel unless and until new counsel has been selected and entered an appearance." (D.I. 18). After a hearing on January 17, 2023, I ordered an extension of Founders Bay's deadline to respond to the motion to appoint receiver. (D.I. 24). Founders Bay responded to the motion to appoint a receiver, (D.I. 25), which I thereafter denied, (D.I. 27).

Moving counsel now renew their motion to withdraw. (D.I. 34). Moving counsel state that their ability to protect their clients' interests is substantially impaired by an ongoing inability to reestablish meaningful communication with their clients, that irreconcilable differences now exist between moving counsel and their clients, and that moving counsel have worked beyond their existing retainers. (D.I. 34 at 2).

---

[1] All docket references are to Civ. Action No. 22-cv-1547.

I held a status teleconference on May 19, 2023, and directed moving counsel to file an affidavit concerning their claim of irreconcilable difference with their clients for in camera review. (D.I. 38). Moving counsel has submitted the affidavit, which I have reviewed.

II. LEGAL STANDARDS

Under our local rules, when an attorney withdrawal will leave the party without "a member of the Bar of this Court appearing as counsel of record for the party," the attorney cannot withdraw "except by order on a motion duly noticed to each party and served on the party client." D. Del. Local Rule 83.7. The decision on whether to grant a motion for withdrawal is committed to the discretion of the court. *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014). The determination is highly fact-specific, and "[t]he point at which the law firm no longer serves a meaningful purpose in the case marks the outer boundary of the District Court's discretion because withdrawal would be required at that point." *Id.*

III. DISCUSSION

Corporations generally must be represented by counsel in federal court. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993). In *Ohntrup*, the district court permitted counsel to withdraw from representing a corporation, even though there was no substitute counsel, and the Third Circuit affirmed. 760 F.3d at 295. *Ohntrup* rejected various "three- and four-factor tests" used to decide a motion for attorney withdrawal. *Id.* at 294. Rather, the Third Circuit held that it is a context-sensitive inquiry and "[t]he interests to be considered will vary widely from case to case." *Id.* at 295. At the point where counsel no longer serve a meaningful purpose in the case, counsel is entitled to withdraw, and the court would not have discretion to deny the request to withdraw. *Id.*

Here, moving counsel represent that they have been unable to reestablish meaningful communication with their client, leaving them unable to effectively represent their clients' interests. (D.I. 34 ¶ 11). Furthermore, moving counsel allege irreconcilable differences such that counsel could no longer represent Founders Bay, even if communication were to be meaningfully reestablished. (*Id.* ¶¶ 12–13). Moving counsel have submitted an affidavit to this effect, which I have reviewed in camera. I find that moving counsel's relationship with its client has been severely impaired by the lack of meaningful communication and that there is at least some basis for moving counsel's claims of irreconcilable differences. However, because Founders Bay is a corporation, it cannot represent itself in federal court, and this is not a situation where counsel serves no meaningful purpose. Indeed, counsel recently successfully opposed a motion for the appointment of a receiver. (D.I. 25, 27). I will therefore order Founders Bay to secure new counsel but will only grant moving counsel's motion to withdraw if new counsel for Founders Bay makes an appearance within thirty days of this order.

IT IS HEREBY ORDERED:

(1) Founders Bay is ordered to retain new counsel in these cases. New counsel must enter an appearance within thirty (30) days of the entry of this order.

(2) On compliance with paragraph 1 of this order, moving counsel's motion to withdraw as attorney (D.I. 34) is **GRANTED**.

    a. If the motion is granted, the Clerk shall note the termination of the Basile Law Firm P.C. and McCarter & English, LLP as counsel of record for Founders Bay Holdings and Founders Bay Technologies, Inc., in both the 22-cv-1547 and 22-cv-1453 actions.

4

(3) If Founders Bay fails to comply with paragraph 1 of this order, the Basile Law Firm P.C. and McCarter & English, LLP shall remain counsel of record absent further order of the court and the Motion to Withdraw shall be **DENIED** without prejudice.

(4) Moving counsel must serve this order on their clients and provide proof of service to the court.

Dated: June 27, 2023

Honorable Timothy B. Dyk
United States Circuit Judge, sitting by designation

5