## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LEONITE CAPITAL LLC, a Delaware limited
liability company,

Plaintiff,

v.

FOUNDERS BAY HOLDINGS, a Nevada
corporation, and FOUNDERS BAY
TECHNOLOGIES, INC., a Delaware
corporation,

Defendants.

C.A. No. 1:22-1547-TBD
(CONSOLIDATED)

## MEMORANDUM ORDER

This is a consolidated action involving Leonite Capital LLC ("Leonite") and Founders Bay

Holdings and Founders Bay Technologies, Inc. (collectively, "Founders Bay"). The parties have

taken no action in this case for more than two years. Accordingly, Leonite and Founders Bay are

ordered to **SHOW CAUSE** why their claims should not be dismissed for failure to prosecute.

I

The first of these two cases began on November 4, 2022, when Founders Bay filed suit

against Leonite seeking rescission of contracts between the parties for alleged violations of the

Securities Exchange Act of 1934. *See Founders Bay Holdings v. Leonite Capital LLC*, Civ. Action

No. 22-cv-1453. Later that same month, Leonite filed its own lawsuit against Founders Bay for

breach of contract and seeking appointment of a receiver, which became the lead case in this action.

*See Leonite Capital LLC v. Founders Bay Holdings*, Civ. Action No. 22-cv-1547.

1

On March 16, 2023, after some preliminary filings, Leonite filed a Request for Default against Founders Bay. (D.I. 30, 32.)

On April 18, 2023, counsel for Founders Bay moved to withdraw as counsel, citing irreconcilable differences. (D.I. 34.)

On May 19, 2023, the court held a status conference with counsel, during which Leonite's attorneys were advised that its Request for Default was insufficient under Federal Rule of Civil Procedure 55(b)(1), and that any request for default would need to be made in a motion for default judgment under Rule 55(b)(2). (D.I. 38.)

On June 27, 2023, the court ordered Founders Bay to retain new counsel within 30 days before counsel's motion to withdraw would be granted. (D.I. 40.) No new counsel entered an appearance, and the motion to withdraw was not granted.

Since that time, Leonite has not filed a motion for default judgment or indeed any motion in this case. Nor has Founders Bay filed any pleading since that time. In fact, the only filing in this case since June 2023 was a notice withdrawing the *pro hac vice* appearance of one of Founders Bay's attorneys because he had ceased his employment with The Basile Law Firm P.C. (D.I. 42.)

II

Under Federal Rule of Civil Procedure 41(b) and the Court's Local Rule 41.1, the court may on its own motion dismiss a case for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Prior to dismissal, the Court must provide "reasonable notice and opportunity to be heard." D. Del. Local R. 41.1. The case will be dismissed "unless good reason for the inaction is given." *Id.*

2

IT IS HEREBY ORDERED:

(1)  On or before 20 calendar days from entry of this order, Leonite must show cause why its case, No. 1:22-cv-1547, should not be dismissed for failure to prosecute.

(2)  On or before 20 calendar days from entry of this order, Founders Bay must show cause why its case, No. 1:22-cv-1453, should not be dismissed for failure to prosecute.

Dated: _March 26 2026_

Honorable Timothy B. Dyk
United States Circuit Judge,
sitting by designation

3